IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| IN RE: SEARCH WARRANTS ISSUED IN ) <br> CONNECTION WITH INVESTIGATION ) <br> OF SOUTH CENTRAL CAREER CENTER, ) <br> WEST PLAINS, MISSOURI ) <br> ) | Case No. 06-mc-9012-S-RED |

**ORDER**

NOW before the Court are the Notice of Appeal to District Court (Doc. 11), Petition for Writ of Mandamus (Doc. 12), Suggestions in Opposition to Appeal to District Court and Petition for Writ of Mandamus (Doc. 16), and Supplemental Suggestions in Opposition to Appeal to District Court and Petition for Writ of Mandamus (Doc. 17).

This case was initiated by Petitioner's Motion to Unseal Search Warrant Information (Doc. 1), filed with the Magistrate Judge. Petitioner sought to have search warrant documents regarding the investigation of South Central Career Center, West Plains, Missouri unsealed. Petitioner sought to inspect and copy the search warrants and related information. Both Petitioner and Respondent briefed the issue before the Magistrate Judge. After briefing, the Magistrate Judge denied the Motion to Unseal the search warrant information and placed his opinion under seal as well, denying access to the parties or the public. Petitioner appealed the ruling to the Eighth Circuit Court of Appeals, which dismissed the case for lack of jurisdiction as Petitioner did not appeal the ruling of the District Court, but rather the ruling of the Magistrate Judge. Petitioner now comes before this Court seeking to appeal the decision of the Magistrate Judge, or for a Writ of Mandamus to issue for the same relief.

Petitioner's Appeal to the District Court

In this case, it is clear that Petitioner is untimely in its appeal to this court. Local Rule 74.1 along with 28 U.S.C. 636 (b)(1) clearly states the procedure for review of Orders by a Magistrate Judge. As stated in the Local Rule, a party has "10 days after the issuance of the magistrate judge's order" to appeal that order to the District Court. Chief Magistrate Judge James England issued his ruling on Petitioner's Motion on May 15, 2006. Petitioner, through its own incorrect filing of appeal with the Eighth Circuit Court of Appeals, did not file an appeal in this Court until June 14, 2006. Such appeal is time barred by the applicable Local Rule and will not be considered.

Petitioner's Writ of Mandamus

A district court may grant a writ of mandamus only in extraordinary situations and only if: (1) the petitioner can establish a clear and indisputable right to the relief sought, (2) the defendant has a nondiscretionary duty to honor that right, and (3) the petitioner has no other adequate remedy. *In re SDDS, Inc.,* 97 F.3d 1030, 1034 (8th Cir.1996). Further, whether a writ of mandamus should issue is largely a matter within the district court's discretion. *See In re MidAmerican Energy Co.,* 286 F.3d 483, 486 (8th Cir. 2002) (per curiam).

Moreover, it is clear that a writ of mandamus may not be used as a substitute for appeal. *In re Cook*, 928 F.2d 262, 263 (8th Cir.1991) (per curiam) (recognizing writ of mandamus is not substitute for appeal); *see also In re Missouri*, 664 F.2d 178, 180 (8th Cir. 1981 (stating that "[A] writ of prohibition may not be invoked as a substitute for appeal and will generally not lie where there is a remedy by appeal even in those cases where such an appeal may involve inconvenience, delay or expenses to the applicants.") "Ordinarily mandamus may not be resorted to as a mode of review where a statutory method of appeal has been preserved or to review an appealable decision

of record." *Roche v. Evaporated Milk Assn.*, 319 U.S. 21 at 27 (1943).  Not only can a writ of mandamus not act as a substitute for appeal, but it also can not resurrect an untimely appeal.  In *Helstoski v. Meanor*, 442 U.S. 500 (1979), the Supreme Court held that since an appeal had been available as a remedy for the lower court's ruling on a motion to dismiss, mandamus relief must be denied, even though the appeal had not been sought and was then time-barred.  This view has been reflected in other circuits.  *See Demos v. U.S. District Court*, 925 F.2d 1160, 1161 & n.3 (9th Cir. 1991) (holding that mandamus could not be used as a substitute for a timely appeal from orders that had become final for lack of an appeal); *In re Adams*, 686 F.2d 108, 110 (2nd Cir. 1982) (holding that mandamus could not be used as a tardy substitute for an appeal.)

The Petition for Writ of Mandamus in this case demonstrates on its face that it is filed as a substitute for appeal as Petitioner states "[g]iven the uncertainty of the manner of obtaining review in this Court, [petitioner] is simultaneously filing a Petition for Writ of Mandamus. . ."  (Doc. 11, ¶ 17).  Use of a Writ of Mandamus to revive a tardy appeal is inappropriate.  As stated above, the Writ of Mandamus can not be used in substitution for an appeal.  This is true even though appeal was available to the Petitioner and is now time-barred.  Accordingly, the request for a Writ of Mandamus is due to be denied.

For the foregoing reasons, it is hereby **ORDERED** that the Notice of Appeal (Doc. 11) is hereby **DENIED** and the Petition for Writ of Mandamus (Doc. 12) is hereby **DENIED**.

**IT IS SO ORDERED.**

Dated: July 26, 2006                     */s/ Richard E. Dorr*
                                         RICHARD E. DORR, JUDGE
                                         UNITED STATES DISTRICT COURT